Allen, P.
At a quarterly term of the Hustings court held for the city of Lynchburg on the 5th of March 1860, the prisoner was indicted for feloniously stealing an axe of the value of fifty cents; and it was alleged in the indictment that the accused had previously been indicted in the same court of a different offence of petit larceny, and sentenced to punishment. The accused being in custody plead not guilty to so much of said indictment as charged the felonious stealing of the axe; and admitted the truth of so much of the indictment as charged that he had been previously indicted, convicted and sentenced for a different offence of petit larceny. The jury empanneled to try the issue, found him guilty, and fixed the time of his imprisonment in the city jail to seven days; but further found that he had been indicted, tried, convicted and sentenced in due form of law for the petit larceny charged in the indictment.
On this finding of the jury, the Attorney for the Commonwealth moved the court to sentence the accused to one year’s imprisonment in the penitentiary according *501 to tlie provisions of tlie Code, cli. 199, § 27, p. 752. To this the accused objected; and moved in arrest of judgment for several causes assigned. But the court overruled his objection and motion in arrest of judgment, and sentenced him to be confined in the penitentiary for one year. To which opinion and judgment of the court he excepted; and his exception was signed, sealed and made part of the record. A writ of error having been allowed, the judgment of the Hustings court was affirmed by the Circuit court for the corporation of Lynchburg; to which judgment of affirmance a writ of error has been allowed by this court.
Upon these proceedings the first question is that raised by the motion in arrest of judgment, and assigned as error in the petition: Had the Hustings court jurisdiction to try the cause, as the offence with which the accused was charged is punishable with confinement in the penitentiary?
The county and corporation courts of the commonwealth deriving their existence from the acts of the legislature, can exercise such jurisdiction only as has been conferred by statute. The Code, p. 616, cli. 157, § 3, provides that the county or corporation courts shall have jurisdiction to hear and determine all cases, &e., “except criminal causes against free negroes charged with felonious homicide, or any felony, the punishment whereof may be death, and against white persons, charged with any offence, the punishment whereof may be death, or imprisonment in the penitentiary.”
This provision of the Oode, except that portion in reference to free negroes, conforms to the policy of the legislature from the first organization of county courts. By the act of 1748, 5 Hen. Stat. 489, § 5, entitled “An act for establishing county courts, and for regulating and settling the proceedings therein,” cognizance of such criminal causes where judgment or conviction shall be *502 for loss of life or member, was excepted from the jurisdiction conferred. A similar provision is found in the ' act passed the 3rd December, 1Y92, ch. 6Y, § 5. In the interval between the revision of 1Y92 and 1819, the penitentiary system was introduced. The act of 1819, 1 Rev. Code. p„ 21-6, ch. Yl, § Y, regulating the jurisdiction of the county and corporation courts, excepts from the jurisdiction conferred, such criminal cases where the judgment, upon conviction, shall be for the loss of life or member, or imprisonment in the public jail and penitentiary house, as shall not be expressly declared cognizable in the said courts by act of assembly.” This long settled policy of the legislature excepting from the jurisdiction of these inferior courts such criminal causes punishable on conviction with loss of life or member, or imprisonment in the penitentiary, has never been departed from in relation to white persons. There is no statute expressly declaring, in the language of the Rev. Code of 1819, such causes cognizable in said courts. On the contrary such jurisdiction is not only withheld by the negative provisions of the statute already quoted, but by the express terms of the law, Code, p. YY3, ch. 208, §1, it is affirmatively declared, “that a trial of any white person for felony, and of a free negro for felonious homicide, or any felony punishable with death, shall be in the Circuit court.” It is moreover provided, Code, p. Y64, ch. 205, § 1 and Y, that before a white person charged with a felony or a free negro charged, &c., is tried before a Circuit court he shall be examined as therein provided for, unless by his assent entered of record in such court, such examination be dispensed with. Ry the Yth section it is enacted, that if it appear on the examination of such person, that a felony has been committed, and that there is probable cause- to charge the accused therewith, the examining court shall remand him for trial in the Circuit court having eogni *503 zance of the case. These provisions of the Code render it clear that if the offence charged was a felony the Hustings court had no jurisdiction to try the cause.
The Code, p. 750, ch. 199, § 1, defines felony and misdemeanor: “ Offences are either felonies or misdemeanors. Such offences as are punishable when committed by free persons with death or confinement in the penitentiary, are felonies; all other offences are misdemeanors.”
At common law simple larceny, whether grand or petit larceny, was felony: Offences, Blackstone says, which are considerably distinguished in their punishment, but not otherwise. 4 Black. Com. 229. And it is said by Hawkins, that whenever an offence would amount to grand larceny if the thing stolen were above the value of twelve pence, it is petit larceny if it be of that value or under. And it seems that all petit larceny is felony, and consequently, requires the word felonice, in an indictment for it. Hawkins’ Pleas of the Cr. 146. § 34, 36.
By the act found in 1 Eev. Code of 1819, p. 617, § 7, it was provided, that if any person shall feloniously take, steal and carry away any goods or chattels, under the value of fom’ dollars, he should on conviction, be. punished with stripes or by confinement in the jail and penitentiary for a term not less than six or more than eighteen months. And if any person having been punished by stripes for such offence, shall be convicted of a like offence a second time, he shall be sentenced to .undergo a confinement in the penitentiary for a term not less than five or more than ten years. The Code has in some respects changed the law in regard to the two kinds of larceny. By the Eevised Code of 1819, it continued a felony though it might on conviction be punishable with stripes or confinement in the penitentiary at the discretion of the jury. The Code, p. 729, *504 cli. 192, § 14 enacts, that if a person commits simple larceny of goods and chattels of less value than twenty dollars, he shall he deemed guilty of petit larceny, and confined in jail not exceeding one year, and at the discretion of the court may be punished with stripes.” The offence not being punishable with death or confinement in the penitentiary, is a misdemeanor according to the Code, eh. 199, § 1, defining felonies and misdemeanors. But as the Eevised Code of 1819 imposed a heavier punisment upon conviction of a like offence the second time, the Code likewise, p. 752, ch. 199, § 27, provides that, “when any person is convicted of petit larceny, and it is alleged in the indictment on which he is convicted and admitted, or by the jury found, that he has been before sentenced in the United States for the like offence, he shall be sentenced to be confined in the penitentiary for one year. The argument of the Attorney General that the law ascribes the punishment to the offence, and declares the offence to be felony where that punishment is death or confinement in the penitentiary, and does not refer to the person, is answered by the terms of the 27th section, which describes the offence as a like offence. In either case the act is similar, and the Code makes the commission of the first act a misdemeanor. But if the lighter punishment fails to reform, and the party is guilty of a like offence a second time, such second offence is punishable with confinement in the penitentiary, and is a felony. Being so punishable, the county and corporation courts cannot take cognizance of the cause. The indictment having alleged that in addition to the offence for which he was then charged, he had been before sentenced for the like offence, the charge so preferred amounted to felony, which could be tried in the Circuit court only, and that after being examined by a called court, unless such examination had been dispensed with. If the *505 offence, though punishable as aforesaid, could be regarded as a misdemeanor, it would follow that under the provisions of the Code, ch. 199, § 25, 26, after repeated convictions and sentences a white person might be sentenced by the county court to be confined in the penitentiary for life. If the legislature intended to confer such jurisdiction on the county and corporation courts it would have done so expressly, and not left it to implication.
It was suggested in argument that the provision contained in the Code, ch. 199, § 7, could not be reconciled with the construction that would make this offence felony to be tried in the circuit court only. The section referred to, punishes the principal in the second degree, as if he were the principal in the first degree. He is punishable for his own offence as the principal in the first degree, but is not sentenced according to the sentence which may be imposed upon the principal offender. Being the first offence in his case, he may be punishable as for a misdemeanor, whilst the principal offender may be sentenced to a different punishment. And so it would be in. cases under the 25th and 26th sections of chapter 199, imposing additional punishment after previous convictions and sentences.
I think the Hustings court had no jurisdiction to proceed with the case. That the indictment charged the accused with a felony, and when returned by the grand jury it should have been treated as a presentment, and steps taken in conformity with the Code, p. 771, ch. 207, § 15.
It therefore seems to me that the judgment of the Circuit court affirming the judgment of the Hustings court was erroneous, and should be reversed. And this court proceeding to render such judgment as the Circuit court should have done, it further seems to me that the judgment of the Hustings court overruling the motion *506 of the plaintiff in error in arrest of judgment was erroneous, and should he reversed and anuuled. That all proceedings on the verdict should be stayed or arrested; that the verdict and all proceedings subsequent to the finding of the indictment be set aside; and the cause be remanded to said Hustings court for the accused to be dealt with according to law.
The other judges concui red in the opinion of Allen, P.
Judgment reversed, all proceedings subsequent to the indictment set aside, and cause remanded to the Hustings court.